UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOSEPH WOODS,

                         Petitioner,

     v.                                                 9:19-CV-1374
                                                   (DNH/TWD)

TERESA TYNON,

                         Respondent.

_____

APPEARANCES:                             OF COUNSEL:

JOSEPH WOODS
Petitioner pro se
15-A-2130
Wallkill Correctional Facility
Box G
Wallkill, NY 12589

HON. LETITIA JAMES                   JODI A. DANZIG, ESQ.
Attorney for Respondent              Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.   INTRODUCTION

Petitioner Joseph Woods ("Petitioner") seeks federal habeas corpus relief

pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").  Respondent opposes the

petition.  Dkt. No. 6, Answer; Dkt. No. 7, Memorandum of Law in Opposition to the

Petition; Dkt. No. 8-1, State Court Records (SR); Dkt. Nos. 9-1, 9-2, 9-3, 9-4, Transcript(s).  Petitioner successfully requested an extension of time to file a reply.  Dkt. No. 15, Letter Motion; Dkt. No. 16, Text Order (granting extension request).  Petitioner filed a reply.  Dkt. No. 17, Traverse.  For the reasons that follow, the Court recommends the petition be denied and dismissed.

## II.    RELEVANT BACKGROUND

Petitioner was charged by grand jury indictment with the criminal sale of a controlled substance in the third degree in violation of New York Penal Law § 220.39 for the alleged sale of a quantity of cocaine on March 5, 2015.[1]  SR 19.[2]  Petitioner was later charged with an additional count of the sale of a controlled substance in the third degree for the alleged sale of a quantity of cocaine on January 23, 2015.[3]  SR 49.  The two indictments were consolidated.  SR 78.

On August 14, 2015, the trial court conducted a *Rodriguez/Wade* hearing to determine whether the police-arranged photographic identification of petitioner by a confidential informant ("CI") was confirmatory and/or unduly suggestive.[4]  Dkt. No. 9-1. Following testimony, Hon. Thomas A. Breslin of the Albany County Supreme Court concluded the photographic identification "[was] a confirmatory identification, and [there] was nothing suggestive in the process used by the detective[.]"  Dkt. No. 9-1 at 40.

On October 8, 2015, Petitioner appeared for a suppression hearing to determine the admissibility of evidence seized during the execution of a search warrant.[5]  Dkt. No.

---

[1] Indictment No. 4-7415 (May 6, 2015). SR 19.
[2] Citations to the parties' submissions and filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.
[3] Indictment No. 19-7528 (July 29, 2015). SR 78.
[4] *See People v. Rodriguez*, 79 N.Y.2d 445, 452 (1992), *United States v. Wade*, 388 U.S. 218, 229-35 (1967).
[5] *See Mapp v. Ohio*, 367 U.S. 643 (1961).

9-2.  However, Petitioner's Counsel concluded Petitioner lacked standing to challenge

the search, as the apartment searched was not his home.  Dkt. No. 9-2 at 2-3.

On October 29, 2015, Petitioner returned to enter a plea of guilty to one count of

attempted criminal sale of a controlled substance in the third degree, in satisfaction of

both indictments.  Dkt. No. 9-3 at 10.  On November 19, 2015, Judge Breslin sentenced

Petitioner to a four-year determinate sentence and a three-year period of post-release

supervision, consistent with the negotiated plea.  Dkt. No. 9-4 at 4.

Petitioner appealed the judgment of conviction to the Appellate Division, Third

Department.  SR 18.  Petitioner's appellate counsel filed an *Anders* brief in the Third

Department stating there were no non-frivolous issues to be presented to the Appellate

Division.[6]  SR 1-17.  The People filed a letter in agreement.  SR 122.  Petitioner, pro se,

filed a brief outlining several issues to be reviewed on appeal.  SR 123-27.  Petitioner

argued that his rights were violated at the August 14, 2015, hearing because (1) the

court restricted his cross-examination of the People's witness; (2) the court failed to rule

on an objection; (3) the hearing was erroneously switched from a *Rodriguez* hearing to

a *Wade* hearing; (4) the single photograph the CI used to identify Petitioner was

insufficient; (5) the photograph used was not properly preserved; (6) the CI's status as a

defendant in another matter rendered him unreliable; (7) Petitioner's suppression

motion was erroneously denied; (8) the People failed to establish a relationship between

the CI and Petitioner; and (9) an additional hearing was required to further establish

such facts.  SR 125-27.

---

[6] *See Anders v. California*, 386 U.S. 738 (1967).

On September 28, 2017, the Appellate Division found no non-frivolous issues to be raised on appeal.  SR 175-76; *People v. Woods*, 153 A.D.3d 1525, 60 N.Y.S.3d 706 (3rd Dept. 2017).  Accordingly, Petitioner's judgment was unanimously affirmed and counsel's motion to be relieved was granted.  *Id*.  On October 5, 2017, Petitioner, pro se, moved the Appellate Division to reargue his appeal.  SR 179.  The motion was denied on December 7, 2017.  SR 182.  Petitioner's counsel sought leave to appeal the Appellate Division's determination that there were no meritorious issues to be raised on appeal.  SR 177.  On February 5, 2018, the Court of Appeals denied Petitioner's application for leave.  SR 183; *People v. Woods*, 30 N.Y.3d 1121, 1121 (2018).

On April 3, 2019, Petitioner filed a motion to vacate his conviction pursuant to N.Y. CRIM. PRO. LAW (hereinafter "CPL") § 440.10 in Supreme Court, Albany County.[7] SR 184-215.  Petitioner argued: (1) his trial counsel provided ineffective assistance in advising Petitioner he did not have standing to challenge the search warrant executed on his girlfriend's apartment; (2) trial counsel provided ineffective assistance by failing to object to trial court's conclusion that the photograph identification procedure used was confirmatory despite the trial court's earlier indication that the hearing's purpose was limited to determining whether the procedure used was unduly suggestive; and (3) the trial court erred in concluding the photograph identification process was confirmatory.[8]

---

[7] *See* SR 184-85, Notice of Motion (dated April 3, 2019); SR 186-189, Affidavit in Support of Motion (dated April 3, 2019); SR 190-200, Memorandum of Law in Support of Motion (dated April 3, 2019), SR 201, Affidavit of Service (dated April 3, 2019).  Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  Based on Petitioner's notarized affidavit of service (SR 201), this Court finds the motion was filed on April 3, 2019.

[8] A portion of the transcript from the August 14, 2015, hearing is produced below and illustrates the basis for petitioner's third 440 claim. *See* SR 21-22.

> Ms. Sober [counsel for Petitioner]: "And can you tell – can you give a description of the confidential informant? Is he a white male or a black male, age, that type of that?"
> [Counsel for the People]: "Objection, relevance."

SR 190-200.  The trial court denied the motion without a hearing on May 31, 2019.  SR

216-22. Petitioner filed a motion to reargue.  SR 223-27.  The court denied the motion

on August 26, 2019.  SR 252-56.

Petitioner moved the Appellate Division, pursuant to CPL § 460.15, for a

certificate grating leave to appeal the trial court's denial of his § 440.10 motion.  SR 228.

On August 29, 2019, the Appellate Division denied leave.  SR 257.  Petitioner

subsequently moved the Appellate Division, pursuant to CPL § 460.20, for leave to

appeal its affirmance of the trial court's decision to the New York Court of Appeals.  SR

258-267.  The Appellate Division denied the motion on October 17, 2019. SR 270.

Petitioner filed the instant petition on October 29, 2019.  Pet. at 16.[9]

## III.    PETITION

Petitioner challenges his 2015 judgment of conviction in Albany County, upon a

guilty plea, of attempted criminal sale of a controlled substance in the third degree.  Pet.

at 1-2.  Petitioner argues he is entitled to federal habeas relief because: (1) his

attorney's failure to object to the trial court's conclusion the photograph identification

---

The Court: "Ms. Sober?"
Ms. Sober: "Your Honor, this an -- it's about a confirmatory identification."
The Court: "No, it's not, this is absolutely not a confirmatory identification, this is a Wade Hearing."
Ms. Sober: "Well --"
The Court: "It's partly confirmatory to the extent that he [i]s alleging it's confirmatory, but it's also spilling over likewise because there's not going to be a further hearing after this. This is a Rodriguez and Wade combined."
Ms. Sober: "Thank you, Your Honor. I know they objected, but I got lost I'm not sure if you sustained or overruled?"
The Court: "What's the relevance what he looks like?"
Ms. Sober: "Well, at that time I thought it was confirmatory, you know, and I am trying to get [a] handle on what the nature of [the] relationship is with my client. It sounds to me like it's only a couple of interactions they're investigating. I didn't see that as a Rodriguez hearing, it seemed to be more of a Wade from my perspective so, I can go forward as if it's a Wade Hearing, if that is acceptable?"
The Court: "Your choice."
[9] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston*, 487 U.S. at 270.

process used by the CI was a confirmatory identification and advise Petitioner that he lacked standing to challenge the search of his girlfriend's apartment constituted ineffective assistance of counsel (Pet. at 5-7); (2) the trial court's determination the photograph identification of Petitioner by the CI was a confirmatory identification rendered his trial fundamentally unfair in violation of the Fourteenth Amendment to the United States Constitution (Pet. at 7-8); (3) the photograph identification process was unduly suggestive, and the photograph used for the identification was not properly preserved (Pet. at 8-10); (4) Petitioner's reliance on counsel's ineffective advice rendered his guilty plea involuntary (Pet. at 10-12); and (5) he was unconstitutionally denied the right to cross-examine the witness who testified against him during the suppression hearing (Pet. at 13).

Respondent first argues the petition should be dismissed as untimely because it was filed after the statutory period for filing such an action expired and does not qualify for equitable tolling.  Dkt. No. 7 at 12-15.[10]  In response to the timeliness argument, Petitioner contends his petition was timely filed because the statute of limitations was tolled from when he filed his § 440.10 motion, on April 11, 2019, until he was ultimately denied leave to appeal to the New York Court of Appeals, on October 17, 2019. Traverse at 11-12.

## IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek

---

[10] Respondent further argues Petitioner's ineffective assistance of counsel claim is meritless (Dkt. No. 7 at 17-19), and Petitioner's claims regarding the *Rodriguez/Wade* hearing are non-cognizable and meritless (Dkt. No. 7 at 19-21).  Because the Court recommends dismissing the petition as untimely, there is no need to consider these additional arguments.

federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).  The period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009).  However, "[a] petitioner who has filed a petition past the one-year statute of limitation[s] and does not have sufficient statutory tolling may still have his petition considered through equitable tolling."  *Levola v. New York State Div. of Parole*, No. 9:12-CV-1185 (GTS/CFH), 2014 WL 2106294, at *8 (N.D.N.Y. 2014).  Alternatively, Courts have also recognized an equitable exception to the one-year statute of limitations in cases where a petitioner can prove actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

### A.  One-Year Statute of Limitations and Statutory Tolling Period

The New York Court of Appeals denied Petitioner's application for leave to appeal from the order affirming his judgment of conviction on February 5, 2018.  SR 183; *People v. Woods*, 101 N.E.3d 987, 30 N.Y.3d 1121, 77 N.Y.S.3d 346 (2018). Petitioner did not file an application for a writ of certiorari, therefore, his conviction become "final" for purposes of the AEDPA ninety days later, on May 6, 2018, when the time to seek certiorari expired.  *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (holding "the AEDPA limitations period specified in Section 2244(d)(1)(A) does not begin to run until the completion of direct appellate review in the state court system and

either the completion of certiorari proceedings in the United States Supreme Court, or- if the prisoner elects not to file a petition for certiorari- the time to seek direct review via certiorari has expired."); U.S. Sup. Ct. Rule 13(1).  Accordingly, the deadline for Petitioner to commence this action would have been one year later, May 6, 2019.  28 U.S.C. § 2244(d)(1).  Therefore, it appears that the petition, filed on October 29, 2019, was submitted almost six months beyond the limitations period.

However, the one-year statute of limitations period was tolled by Petitioner's timely filing of his motion to vacate the judgment pursuant to CPL § 440.10 ("440 motion").  28 U.S.C. § 2244(d)(2).  On April 3, 2019, the date the motion was filed, 332 days of Petitioner's one-year limitations period had elapsed.  *See* SR 201, Affidavit of Service (dated April 3, 2019).[11]  The one-year period for Petitioner to file a petition for writ of habeas corpus was tolled while the trial court considered his 440 motion.  *See* 28 U.S.C. § 2244(d)(2).  As stated above, Petitioner's motion and subsequent motion to reargue were denied by the trial court.  SR 216-22; 252-56.

"[A] state court petition 'is "pending" from the time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures.'"  *Saunders*, 587 F.3d at 548 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)).  "Under New York Law, a defendant has no right to appeal a C.P.L. § 440 motion but may appeal if leave to appeal is granted."  *Shaw v. Wendlend*, No. 11-CV-4852, 2012 WL 29357, at *15 (S.D.N.Y. Jan. 6, 2012) (citations omitted).  Petitioner sought leave to appeal the trial court's denial of his motion on June 17, 2019.  SR 228.

---

[11] In other words, there were 33 days of the limitations period remaining.

However, on August 29, 2019, the Appellate Division rejected Petitioner's request.  SR
257.

> [A]n order denying a § 440.10 motion is appealable to the
> Appellate Division only by leave of a justice of that court
> granted under § 460.15.  *See* N.Y. C.P.L. § 450.15(1).  Absent
> that permission, "further appellate review is unavailable under
> [New York] state's procedures."  *Bennet*, 199 F.3d at 120.
> "There is no provision in New York law for an appeal to the
> Court of Appeals from an order denying leave to appeal from
> an order denying a Section 440.10 motion."  *Ramos v. Walker*,
> 88 F. Supp. 2d 233, 234 n.3 (S.D.N.Y. 2000).

*Coleman v. Melecio*, No. 9:20-CV-0105 (LEK), 2021 WL 638272, at *3 (N.D.N.Y. Feb.

18, 2021) (quoting *Davis v. Griffin*, No. 16-CV-550, 2019 WL 1384587, at *3 (W.D.N.Y.

Mar. 27, 2019)).  Because no further review was available to Petitioner after the

Appellate Division rejected his application for leave to appeal on August 29, 2019, his §

440 motion was no longer "pending" for AEDPA purposes as of the date when said

leave was denied.  *See Everson v. Wolcott*, No. 9:22-CV-0095 (LEK/ML), 2022 WL

356740, at *3 (N.D.N.Y. Feb. 7, 2022) ("Petitioner's [] 440 motion was filed on

December 19, 2019 . . . Statutory tolling applied for the time which the [] 440 motion

was pending, from December 19, 2019, to October 22, 2021, when the appellate

division denied Petitioner's application for leave to appeal.").

Accordingly, as of August 29, 2019, Petitioner's statute of limitations period

began to run again.  *See Davis*, 2019 WL 1384587, at *3 (explaining that once the

"Appellate Division . . . denied leave to appeal the Supreme Court's denial of

[petitioner's 440] . . .  motion . . . [and there was] no further avenue for review in New

York state courts, . . . the 2244(d)(1) limitation period resumed running.")  Thus,

Petitioner had thirty-three days, or until October 1, 2019, to timely file his habeas

petition.  The present petition was filed on October 29, 2019, twenty-eight days beyond the termination of the limitations period.  Pet. at 16.  Therefore, the petition is untimely.

### B. Statutory Tolling Does Not Save the Petition

Petitioner contends the limitations period remained tolled after the Appellate Division's August 29, 2019, decision because he timely filed an application for leave to appeal the Appellate Division's decision to the Court of Appeals.  *See* Traverse at 11-12.  As explained above, however, Petitioner's argument is incorrect because his 440 motion ceased "properly pending" in state court when the Third Department denied his first application for leave to appeal, brought pursuant to CPL § 460.15.  Accordingly, any additional applications seeking leave to appeal, including petitioner's second motion to the Third Department pursuant to CPL § 460.20, were improper.  *See, e.g., Davis*, 2019 WL 1384587, at *3 ("[Petitioner's futile attempt to appeal to the Court of Appeals the Fourth Department's denial of leave to appeal did not toll the limitations period because there was no longer a 'properly filed application . . . pending.'" (citations omitted)); *Coleman*, 2021 WL 638272, at *4.[12]

### C. Equitable Tolling Does Not Save the Petition

AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing, *inter alia*, *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).  The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling."

---

[12]  If petitioner "asked the Appellate Division to reconsider its denial of leave to appeal," instead of filing a second application for leave to appeal – this time to the Court of Appeals instead of the Appellate Division – then the limitations period could have been tolled for the entire period that petitioner suggests.  *See Davis*, 2019 WL 1384587, at *3 (citing cases).  However, this was not what occurred and, for the reasons discussed *infra*, petitioner's mistakes about filing the proper motion are insufficient to entitle him to equitable tolling.

*Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).  A petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

To make the requisite showing, "[P]etitioner must 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing[.]'"  *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).  Further, a petitioner must establish that he "acted with reasonable diligence throughout the period he seeks to toll."  *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004).  "The link of causation is broken if the person seeking equitable tolling has not exercised reasonable diligence."  *Rodriguez v. Smith*, No. 9:14-CV-1274 (BKS/ATB), 2015 WL 5968837, at *6 (N.D.N.Y. Oct. 13, 2015) (citation omitted); *see also Hizbullahankhamon*, 255 F.3d at 75 (noting that causal relationship cannot be demonstrated "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

Petitioner does not argue he is entitled to equitable tolling.  *See* Traverse. Rather, Petitioner contends statutory tolling alone is sufficient to render this action timely.  However, Petitioner's conclusion is based on an incorrect application of New York's procedural law.

There is no allegation that some extraordinary circumstance prevented Petitioner from diligently pursuing his rights.  Furthermore, it is well established that "a

misunderstanding of state court procedural requirements is not a ground for equitable tolling." *Najera v. Lilley*, No. 21-CV-7190, 2022 WL 3566969, at *5 (S.D.N.Y. May 3, 2022), *report and recommendation adopted*, No. 21-CV-7190, 2022 WL 2437906 (S.D.N.Y. July 5, 2022) ("Petitioner is [] not entitled to equitable tolling based on his mistaken belief that the statute of limitations was tolled while he sought leave to appeal from the New York Court of Appeals in connection with his § 440.10 motion.") (citations omitted)); *see also Coleman*, 2021 WL 638272, at *4 ("Liberally construing Petitioner's submissions, it appears that he contends he innocently miscalculated the deadline based upon a misunderstanding of the [] law. However, '[m]iscalculating the limitations period is simply not sufficient to warrant equitable tolling . . . .'") (citations omitted)). Therefore, equitable tolling does not save the instant petition.

### D.  No Equitable Exception Applies

Courts have recognized an equitable exception to the statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin*, 569 U.S. at 386.  "'Actual innocence' means factual innocence []."  *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

An actual innocence claim will be recognized only in a "narrow class of truly extraordinary cases [where a petitioner can] present[ ] credible and compelling claims of actual innocence."  *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)) (internal quotation marks omitted).  "The petitioner's burden in making a gateway showing of actual innocence is deliberately demanding."  *Id.* at 656 (citing cases).  "To be credible, such a claim requires petitioner to support his

allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence– that was not presented at trial." *Schlup*, 513 U.S. at 327; *see also Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012); *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003). In addition, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).[13]

Petitioner has neither argued he is actually innocent nor provided any new, reliable evidence of innocence that would result in an acquittal. *See* Traverse. Therefore, this exception is inapplicable in the instant case, and does not save Petitioner's untimely filing.

## V.   CONCLUSION

**WHEREFORE**, it is

**RECOMMENDED** that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court shall provide petitioner with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

---

[13] *Schlup* and *House* involved procedurally defaulted claims. *See McQuiggan*, 569 U.S. at 386. The Supreme Court in *McQuiggan* held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, the expiration of the statute of limitations." *Id.*

**RECOMMENDED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[14] and it is further

**RECOMMENDED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

DATED: October 27, 2022

Thérèse Wiley Dancks
United States Magistrate Judge

---

[14] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).